## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARVIN BROWN,**

**Petitioner,**

**vs.**                                                                **No. CIV-08-176 JB/RHS**

**MIKE A. HEREDIA, Warden,**

**Respondent.**

### RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244 AS A SECOND OR SUCCESSIVE PETITION, OR IN THE ALTERNATIVE, TRANSFER PETITION TO THE TENTH CIRCUIT

Respondent, by Mark Lovato, Assistant Attorney General, hereby moves to dismiss the Petition for Writ of Habeas Corpus (Petition), Doc. 1-2, because it is a second or subsequent petition. 28 U.S.C. § 2244.  Alternatively, Respondent moves this Court to transfer the Petition to the Tenth Circuit Court.  If the Petition is transferred, Respondent requests that the petition be construed as a motion for leave to file a second or successive habeas application in the District Court.  28 U.S.C. § 2244(b)(3)(A).   Respondent has also filed concurrently with this motion a motion to hold the filing of an answer in this cause in abeyance pending resolution of this motion.

1

Respondent respectfully submits:

1.     Petitioner is in the lawful custody of Respondent Heredia, Warden, pursuant to valid Judgment, Sentence and Commitment filed in the Second Judicial District Court, Bernalillo County Cause No. CR 92-0760, on September 14, 1994.  Exhibit A.

2.     Petitioner has filed fourteen actions in federal court since his conviction and sentence in Cause No. 92-0760.  Exhibit B.  At least two of these actions are previous petitions for federal habeas relief, 28 U.S.C. § 2254, challenging his state court conviction and sentence in Cause No. 92-0760:

        a.     <u>Brown v. Williams</u>, et al, No. CV-97-00326-SEC-DJS;

        b.     <u>Brown v. Snedeker</u>, et al, No. CV-03-01071-JAP-KBM.

3.     In support of this motion, Respondent presents the following assertions for each of the previously filed petitions:

### <u>MARVIN BROWN V. JOE WILLIAMS, WARDEN, UNITED STATES DISTRICT COURT CAUSE NO. CV-97-00326-SEC-DJS</u>

4.     The petition was filed on April 14, 1997.  Exhibit C.

5.     An answer, motion to dismiss, and memorandum in support of the motion to dismiss were filed by Respondent on October 15, 1997.  Exhibits D, E, and F.

6.     On February 27, 1998, the District Court adopted the Proposed Findings and Recommended Disposition of the United States Magistrate Judge and dismissed the petition with prejudice.  Exhibits G and H.

7.     On March 20, 1998, the District Court issued an Order Denying Certificate of Appealability.  Exhibit  I.

8.     After Petitioner filed a notice of appeal from the Magistrate Judge's Proposed Findings and Recommended Disposition, the United States Court of Appeals for the Tenth Circuit denied the appeal on the grounds that it was jurisdictionally defective.  Exhibit J.

9.     Petitioner filed a Petition for a Writ of Certiorari in the Supreme Court of the United States.  The petition was denied on October 19, 1998. Exhibit K.

**MARVIN BROWN V. PATRICK SNEDEKER,WARDEN, UNITED STATES DISTRICT COURT CAUSE NO. CV-03-01071-JAP-KBM**

10.     The Petitioner filed a habeas petition on September 15, 2003. Exhibit L.

11.     The petition was dismissed for failure to exhaust, and a Certificate of Appealability was not issued by this Court.  Exhibits M and N.

12.     Respondent attaches the following additional exhibits in support of the claim that the instant petition should be dismissed because it is a second or successive petition.

Exhibit O – Civil docket sheet for CV-97-00326-SEC-DJS.

Exhibit P – Civil docket sheet for CV-03-01071-JAP-KBM

13.      Respondent submits that Petitioner has filed at least two prior petitions, if not more, challenging the same state conviction that is now the subject of the instant application.  The instant petition is subject to the mandates

of 28 U.S.C. § 2244 because it is a second or successive petition.

14.     28 U.S. § 2244 bars the filing and consideration of this instant petition until the Tenth Circuit Court of Appeals permits such filing.  *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir.1997)(per curiam)(Without prior authorization from the Circuit Court, the District Court is without jurisdiction to decide a second or successive § 2254 petition).  *See also Coleman v. United States*, 106 F.3d 339, 341(10th Cir.1997)(per curiam)(When a petitioner fails to seek authorization from the Circuit Court before filing a second or successive § 2254 petition, the District Court should transfer the petition to the Circuit Court).

15.     Petitioner has failed to obtain the appropriate authorization before filing the instant Petition or shown why this instant Petition is not subject to the requirements of 28 U.S.C. § 2244.

WHEREFORE the Respondent respectfully asks this Court to consider the prior U.S.C. § 2254 filings and dismiss the petition as a second or successive petition.  28 U.S.C. § 2244.  Alternatively, Respondent requests the transfer of the Petition to the Tenth Circuit Court.  If this Court transfers the Petition, the Tenth Circuit should construe the Petition as a motion for leave to file a second or successive habeas application in the District Court.  28 U.S.C. § 2244(b)(3)(A).

Respectfully submitted,

GARY K. KING
Attorney General

Electronically filed
/s/ Mark Lovato
Mark Lovato
Assistant Attorney General

Attorneys for Respondent
111 Lomas Blvd., N.W., Suite 300
Albuquerque, New Mexico 87102
(505) 222-9053
Mlovato@nmag.gov


## CERTIFICATE OF SERVICE


I hereby certify that on the 25th day of June 2008, I filed the foregoing
Motion to Dismiss, electronically through the CM/ECF system.  I further certify
that on such date I served the foregoing on the following non-CM/ECF participant
in the manner indicated:
Via first-class mail, postage prepaid addressed as follows:
Marvin Brown # 29746
Southern New Mexico Correctional Facility
Post Office Box 639
Las Cruces, New Mexico  88004


/s/ Mark Lovato
Mark Lovato
Assistant Attorney General