FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 2 2009

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN BROWN,

    Applicant,

vs.    Civil No. 08-176 JB/RHS

MIKE A. HERREDIA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING RESPONDENT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on "Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition, or in the Alternative, Transfer Petition to the Tenth Circuit" ("Motion to Dismiss"), filed June 25, 2008 **[Doc. No. 18]**. Applicant Marvin Brown has not submitted a response to the motion. The Court, having considered Respondent's Motion to Dismiss, the relevant authorities and being otherwise advised in the premises, recommends that the Motion to Dismiss be granted and that Mr. Brown's petition for a writ of habeas corpus be transferred as a second or successive petition.

In his petition for a writ of habeas corpus, Mr. Brown challenges various aspects of his state court conviction and sentence in the Second Judicial District, Bernalillo County, New Mexico, Cause No. CR-92-0760. However, as Respondent notes, Mr. Brown has previously filed one or more such petitions with respect to this conviction. (See, e.g., Brown v. Williams,

-1-

District Court of New Mexico, Civil No. 97-326 SC/DJS **[Doc. Nos. 5, 36]**, attached as Exs. C, H to Motion to Dismiss). Thus, the Court agrees that Mr. Brown's petition in the instant case constitutes a second or successive petition. Before a second or successive petition may be filed in this Court, a petitioner must obtain from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") an order authorizing such an application. See 28 U.S.C. § 2244. Because nothing indicates that Mr. Brown obtained the requisite authorizing order from the Tenth Circuit, this Court lacks the authority to consider his petition. See Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam).

Respondent requests that Mr. Brown's petition be dismissed, or in the alternative, transferred to the Tenth Circuit as a second or successive petition. However, Respondent does not address whether any relevant factors weigh in favor of dismissing or transferring Mr. Brown's petition. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court finds that, under the circumstances of this case, it is in the interest of justice to transfer Mr. Brown's second or successive petition pursuant to 28 U.S.C. § 1631. Accordingly, the Court recommends that Respondent's Motion to Dismiss be granted and that Mr. Brown's petition for writ of habeas corpus be transferred to the Tenth Circuit as a second or successive petition.

## Conclusion

For the reasons set forth above, the Court recommends that "Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition, or in the Alternative, Transfer Petition to the Tenth Circuit" **[Doc. No. 18]** be **granted** and that this civil proceeding be **transferred** to the Tenth Circuit as a second or successive application pursuant to § 1631.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert H. Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE